## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENYATTA BROWN, #K79185, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 24-cv-02350-SMY |
| | ) | |
| COREY LAUER, | ) | |
| MARCELUS OTTENSMEIER, G. CURRY, | ) | |
| JEROD SCHANZ, KEVIN McKINNEY, | ) | |
| SPILLER, NATHAN McCARTHY, | ) | |
| LUCAS BOHNERT, ROBBINS, | ) | |
| JOSHUA SCHOENBECK | ) | |
| ANTHONY WILLS, SANDY WALKER, | ) | |
| SHAMONEY, and | ) | |
| JOHN DOES 1-4 (Menard Intel/Internal | ) | |
| Affairs), | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Motion for Temporary Restraining Order ("TRO")

and Preliminary Injunction filed by Plaintiff Kenyatta Brown (Doc. 2). Plaintiff is an inmate of

the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional

Center. He filed the instant motion along with his *pro se* civil rights Complaint pursuant to 42

U.S.C. § 1983 (Doc. 1). Plaintiff requests a TRO requiring defendants to "cease all

harassment/retaliatory acts" and to transfer him from Lawrence to a prison in a neighboring state

under an interstate compact, and a preliminary injunction requiring defendants to drop all false

charges against him and release him from administrative detention upon his arrival at a new facility

(Doc. 2, pp. 10-11).

A TRO is an order issued without notice to the party to be enjoined that may last no more

1

than 14 days.  FED. R. CIV. P. 65(b)(2).  A TRO may issue without notice *only* if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.  FED. R. CIV. P. 65(b)(1).  A preliminary injunction is an extraordinary remedy that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion. *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 870 (7th Cir. 2006) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original)).

To obtain injunctive relief, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction.  *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).  *Accord Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010).

The alleged misconduct described in the Complaint occurred at Menard; none of the named defendants are officials at Lawrence. And in the instant motion, Plaintiff alleges misconduct at Stateville and Lawrence Correctional Centers in addition to Menard.  Plaintiff's allegations regarding events at Lawrence are beyond the scope of the claims in the Complaint.  Moreover, Plaintiff seeks injunctive relief based on speculation over his prospects for release from administrative detention, and the motivation behind a "petty" disciplinary charge (on which Plaintiff admits guilt), which do not satisfy the criteria to justify a TRO or preliminary injunctive relief.

Without expressing any opinion on the ultimate merits of Plaintiff's claims, the Court concludes that neither a TRO nor a preliminary injunction should be issued at this time. The Motion for TRO and Preliminary Injunction (Doc. 2) is therefore **DENIED**.

**IT IS SO ORDERED.**

**DATED:  November 8, 2024**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**